UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOYCE L. SWEARINGEN,

    Plaintiff,

vs.                                                   Case No.: 8:13-cv-00986-T-27MAP

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiff's Motion to Strike State Farm's Amended Affirmative Defenses, or Alternatively, for More Definite Statements (Dkt. 38), to which Defendant has responded in opposition (Dkt. 47). Upon consideration, the motion is GRANTED *in part* and DENIED *in part*. The first affirmative defense is stricken in part, and the ninth, tenth, eleventh, twelfth, and fifteenth affirmative defenses are stricken without prejudice.

Federal Rule of Civil Procedure 12(f) permits courts to strike insufficient defenses. Motions to strike are generally disfavored and are considered to be a "drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). Nevertheless, courts have broad discretion in determining whether to grant a motion to strike. *Slone v. Judd*, No. 8:09-cv-1175-T-27TGW, 2009 WL 5214984, at *1 (M.D. Fla. Dec. 29, 2009) (Whittemore, J.) (citing *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976)).

An affirmative defense is one in which the defendant admits the essential facts of the

1

complaint and sets up other facts in justification or avoidance. *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005). A defense simply pointing out a defect or lack of evidence in a plaintiff's case is not an affirmative defense. *Id.* (citing *In re Rawson Food Serv., Inc.*, 846 F.2d 1343, 1349 (11th Cir. 1988)). Affirmative defenses are subject to the general pleading requirements of Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" of the defense giving "fair notice" of the defense and "the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Affirmative defenses are to be stricken when they are insufficient as a matter of law. *Anchor Hocking*, 419 F. Supp. at 1000. "A defense is insufficient as a matter of law if, on the face of the pleadings, it is patently frivolous, or if it is clearly invalid as a matter of law." *Id.*

Defendant's ninth, tenth, eleventh, and twelfth affirmative defenses fail to put Plaintiff on "fair notice" of the grounds upon which the defenses rest. Even though Defendant asserts these as "conditional" affirmative defenses contingent upon discovery into the details of the putative class, they are nonetheless bare bones legal statements that fail to put Plaintiff on fair notice of the defenses for the purpose of discovery. The fifteenth affirmative defense is likewise due to be stricken, as conceded by Defendant.

Moreover, to the extent the first affirmative defense alleges that Count I fails to state a claim because Plaintiff has an adequate remedy at law in Count III, it is invalid as a matter of law. *See Angelo's Aggregate Materials, Ltd. v. Pasco Cnty.*, 118 So. 3d 971, 973-74 (Fla. 2d DCA 2013) ("[T]he availability of another remedy does not preclude a declaratory judgment."); *Title & Trust Co. of Fla. v. Title Guar. & Abstract Co. of Sanford*, 103 So. 2d 211, 212 (Fla. 2d DCA 1958) (title insurer entitled to determination under Declaratory Judgment Act with respect to contractual rights

even though insurer had adequate remedy at law). Defendant argues that the affirmative defense is cognizable as to Count I because declaratory relief is not permitted "where the issue is application of fact to an unambiguous contract provision" (Dkt. 47 at 6). This argument is unpersuasive, as it misconstrues the breadth and basis of Plaintiff's claims, which do not allege that the policy is unambiguous. Nevertheless, the first affirmative defense is valid as to Count II because injunctive relief requires the absence of an adequate remedy at law. *See Orange Cnty. v. City of Orlando*, 327 So. 2d 7, 7 (Fla. 1976).

The remaining affirmative defenses are legally sufficient and not clearly invalid as a matter of law.[1]

Accordingly, Plaintiff's Motion to Strike State Farm's Amended Affirmative Defenses, or Alternatively, for More Definite Statements (Dkt. 38) is GRANTED *in part* and DENIED *in part*. The ninth, tenth, eleventh, twelfth, and fifteenth affirmative defenses are **STRICKEN *without prejudice***. The first affirmative defense, as it relates to Count I *only*, is **STRICKEN *with prejudice***. Defendant is **GRANTED** leave to file a second amended answer and affirmative defenses **within fourteen (14) days** of the date of this Order.

**DONE AND ORDERED** this 9th day of April, 2014.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[1] There is some dispute among courts over whether lack of standing is an affirmative defense. *See Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CIV, 2013 WL 1788503, at *4 (S.D. Fla. Apr. 26, 2013). Even if it is not an affirmative defense, however, the proper remedy is not to strike it, but to treat it as a specific denial. *Id.*

3